**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| Darryl Moore, | ) | **CASE NO. 1:05 CV 2221** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| Respondent. | ) | |

<u>Introduction</u>

This matter is before the Court upon petitioner's Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1).  For the following reasons, the motion is

DENIED.

<u>Facts</u>

Petitioner, Darryl Moore, entered into a written Plea Agreement on January 7, 2005

pleading guilty to conspiracy to possess with intent to distribute and distribution of cocaine as

charged in a superseding indictment.  Petitioner was sentenced on March 23, 2005 to 12 months

and one day imprisonment, followed by three years of supervised release.  Petitioner was also

1

fined in the amount of $2000.00 at a rate of not less than 15% of his gross monthly income.

This matter is now before the Court upon petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Respondent has opposed the motion.

**Standard of Review**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255. "In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir.2003).

**Discussion**

Petitioner's motion, filed September 21, 2005, asks this Court to modify the term of his one year and one day sentence so that he serve a term of "5 month imprisonment and 5 months in a halfway house." (Doc. 1 at 2).  An accompanying letter to this Court indicates that petitioner's request is based on his wish to support his family.

Petitioner's Plea Agreement contained an express waiver of his right "to challenge his conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under  28 U.S.C. § 2255."  (Plea Agreement at 7).  The waiver contained specific exceptions: 1) petitioner reserved his right to appeal the imposition of any sentence inconsistent with the provisions of the Plea Agreement, 2) petitioner reserved legal remedies regarding claims of ineffective assistance of counsel or prosecutorial misconduct.  (*Id.*)

2

The Sixth Circuit has held that "any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *U.S. v. Richardson*, 133 Fed.Appx. 220, 222 (6th Cir. 2005).  A "defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."  *Skaggs v. U.S.* 104 Fed.Appx. 462, 464 (6th Cir. 2004).  *See also U.S. v. Pittman*, 72 Fed.Appx. 244, 245 (6th Cir. 2003) (Defendant "acknowledged that he understood his plea agreement and understood that he was waiving the right to appeal and to collaterally attack his sentence under 28 U.S.C. § 2255.")

Petitioner waived his right to collaterally attack his sentence via § 2255.  Petitioner acknowledged that his plea was freely and voluntarily made.  (Plea Agreement at 10).  Petitioner has not asserted otherwise herein.  Moreover, none of the circumstances in which petitioner may file such a motion are present.  Petitioner reserved his right to appeal the imposition of any sentence inconsistent with the provisions of the Plea Agreement.  However, under the terms of the Plea Agreement, petitioner stipulated that the amount of cocaine attributable to him during the course of the conspiracy was at least 100 grams but less than 200 grams in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846.  (Plea Agreement at 8-10).  Petitioner's sentence is well below the statutory maximum set forth in  21 U.S.C. § 841(b)(1)(C) and his fine well below that section's maximum fine.  Thus, petitioner's sentence was not inconsistent with the provisions of the Plea Agreement.

Nor has petitioner claimed that he was denied effective assistance of counsel or that the government engaged in misconduct.  To the contrary, in the letter to the Court accompanying his § 2255 motion, petitioner states, "In no way is this letter intended to undermined [sic] the great

3

job that my attorney Mr. Patrick D'Angelo has done on my behalf."  And, petitioner states that he "also appreciate[s] the careful consideration that the Assistant United States Attorney, Mr. Roger Bamberger, showed in our agreement."

For these reasons, petitioner is barred from asserting a § 2255 challenge to his sentence.

Finally, even if the Court were to find that the terms of the Plea Agreement permitted petitioner to collaterally attack his sentence, petitioner's claim based on financial hardship to his family is insufficient to constitute a basis to prevail under § 2255 as it does not amount to an error of constitutional magnitude.  Nor is the sentence imposed outside the statutory limit and petitioner has not shown an error of fact or law that was so fundamental as to render the entire proceeding invalid.

For these reasons, petitioner's motion is denied.  Furthermore, as discussed below, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

4

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, petitioner is barred from filing this motion by the terms of his Plea Agreement.  Further, petitioner has not made a substantial showing of the denial of a constitutional right.    Accordingly, the Court declines to issue a certificate of appealability.

**Conclusion**

For the foregoing reasons, petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated:   11/2/05